Concurring Opinion.
Manning, C. J.
It is the duty of the. Recorder of each parish to-write on the back of each Act he receives, the time it was so received, and to record all acts without delay in the order in which they are received. These acts shall have effect against third persons only from the date-of their being deposited in the recorder’s office. Rev. Stats; sec. 3081.
There is no distinction made here between different kinds of acts, and if this provision stood alone, all acts would take effect from the date of their deposit in the Recorder’s office, and the filing written upon them by that officer would fix that date. But art. 3238 of the Civil Code (new no. 3271) requires the actual recording of the vendor’s privilege on land to enable him to preserve it, and a new article in the last Revisal, numbered 3348, which however is only a reiteration of the Act of 1869 (sec. 8 p. 116), compels persons who are entitled to a mortgage on the *838 property of another person to cause the evidence of such mortgage to be recorded. A mortgage must therefore be not only filed in the recorder’s office, but' must be recorded in the proper book, in order to have effect against third persons.
I do not think however that it is necessary for a party or her attorney to give specific instructions to a Recorder to record an Act in a particular book. The Recorder is presumed to know his business and duty, and though the presumption is sometimes a violent one, it must be held to legally exist. It is his duty to record the Act in both the conveyance and mortgage books, if the act contains both a conveyance and a mortgage, and to do it without instructions. Neither do I think that a person is obliged to offer or actually tender the fees to the recorder when he delivers the act to him, in order to entitle the'party to have the act recorded. The recorder can demand the payment, and the instant payment of the fees, and it he does demand them, and the party refuses or neglects to pay them, he will have only his own negligence to blame for the non-recording of his act. But if the act is delivered to the recorder, and he files it, and says nothing about the fees, he has. induced the party to believe that he waives his right to the instant payment of them, and he can not afterwards excuse himself for his omission to record the act on the ground that his fees were not tendered. Nor do I believe that such defence would avail in an action on the recorder’s bond for damages sustained for not doing his duty in recording the act.
It may be fortunate that the relator has a remedy by the resolutory action. I concur in the decree.
Mare, J. I concur in this opinion.